IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JAMAR DANTE' BOLDING, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 3:11CV105–HEH |
| ) | |
| VIRGINIA BEACH ) | |
| CORRECTIONAL CENTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(Adopting Report and Recommendation and Dismissing § 1983 Action)

Plaintiff, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this civil rights action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**
Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).
"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see*

*also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949 (*citing Bell Atl. Corp.,* 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.,* 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States,* 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll,* 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Claims

Bolding is an inmate incarcerated in the Virginia Beach Correctional Center ("VBCC"). Bolding alleges:

> When I was assigned to segregative housing (administrative segregation), every 72 hours (3 days) it is a requirement by Virginia Beach Correctional Center that we recieve [sic] the liberty to be able to properly shower ourselves, and be provided with the basic necessities for hygiene purposes. Upon taking or be provided with showers, I was fully restrained in "handcuffs on my hands and shackles to my feet" and handcuffed to a metal bar everytime showers were administered. While showering these restraints where [sic] not removed but remained as an effective method to stop the enjoyment and liberty without restraints to properly clean myself. When I refused to take a shower due to the fact of the indencent [sic] and inhumane pratices [sic] of the of the institution of "fully restrain[in]g inmates in the shower" we

(inmates) would have to wait another 72 hours before showers would be provided.

(Compl. 5 (capitalization corrected).) When Bolding filed a grievance about the shower policy, Deputy Williams told him it was not a grieveable matter. Bolding names as defendants the following entity and individuals: the VBCC; Ken Stolle, the Sheriff for the City of Virginia Beach; and Deputy Williams, the Grievance Coordinator for VBCC. Bolding demands monetary damages and injunctive relief.

Bolding claims he is entitled to relief upon the following grounds:

Claim One  Defendants violated Bolding's rights under the Eighth Amendment[1] by requiring him to shower in restraints.

Claim Two  Defendants violated Bolding's rights under the Fourteenth Amendment[2] by requiring him to shower in restraints.

Claim Three  Defendant Williams denied Bolding "equal protection by [not] th[o]roughly investigating the matter when [Bolding] claim[ed his] constitutional and civil rights were being violated." (Compl. 5.)

## Analysis

### Claim One

In order to state an Eighth Amendment claim, a plaintiff must allege facts that suggest: (1) that objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). When an inmate challenges the conditions of his confinement, under the objective prong, the inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (*quoting Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (*quoting Strickler*, 989 F.2d at 1381).

Bolding has failed to allege facts that suggest requiring him to shower in restraints amounted to anything more than "'routine discomfort.'" *Strickler*, 989 F.2d at 1380 n.3 (*quoting Hudson*, 503 U.S. at 9); *see Mitchell v. Martin*, No. 87-

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

3

6592, 1987 WL 30244, at *1-2 (4th Cir. Dec. 17, 1987); *Weems v. St. Lawrence*, No. CV409-065, 2009 WL 2422795, at *2-3 (S.D. Ga. Aug. 6, 2009). Bolding does not allege, as he must, that he sustained any injury as result of showering in restraints. *See De'Lonta*, 330 F.3d at 634 (*quoting Strickler*, 989 F.2d at 1381). Accordingly, it is RECOMMENDED that Claim One be DISMISSED.

### Claim Two

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). The first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *See Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). In order to establish a liberty interest, a prisoner "must make a threshold showing that the deprivation imposed amounts to an 'atypical and significant hardship' or that it 'inevitably affect[s] the duration of his sentence.'" *Puranda v. Johnson*, No. 3:08CV687, 2009 WL 3175629, at *4 (E.D. Va. Sept. 30, 2009) (alteration in original) (*quoting Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995)). Requiring Bolding to wear restraints while showering does not pose an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" or impact "the duration of his sentence." *Sandin*, 515 U.S. at 484, 487; *see Williams v. Ramos*, 71 F.3d 1246, 1248-49 (7th Cir. 1995) (concluding a segregated inmate's "catalogue of harms," which included being locked in a closed-front cell 24 hours per day, being handcuffed when permitted to leave his cell for showers, medical care, or exercise, being restricted from activities available to other inmates, and having only limited contact with staff and other inmates, did not greatly exceed what one could expect from prison life); *Alwood v. Wilson*, No. 3:07-CV-422 PS, 2008 WL 2444680, at *2 (N.D. Ind. June 13, 2008) (concluding inmate did not enjoy a protected liberty interest in showering free of shackles). Accordingly, it is RECOMMENDED that Claim Two be DISMISSED.

### Claim Three

In Claim Three, Bolding suggest his rights under the Equal Protection Clause were violated by Defendants' failure to properly investigate his grievance. To state an equal protection claim, a plaintiff must allege facts that suggest he or she was treated differently from others with whom he or she was similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Bolding has not done so. Moreover, "there is no constitutional right to participate in grievance proceedings." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (*citing Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Accordingly, it is RECOMMENDED that Claim Three and the action be DISMISSED.

(December 28, 2011 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days after the entry of the Report and Recommendation. Plaintiff filed objections.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. PLAINTIFF'S OBJECTIONS

In his first objection, Plaintiff once again complains about the conditions in segregated confinement and the fact that he had to wear restraints while showering. Plaintiff, however, fails to identify any deficiency with the Magistrate Judge's conclusion that such conditions failed to rise to the level of an Eighth Amendment violation. Accordingly, Plaintiff's first objection will be overruled.

In his second objection, Plaintiff challenges the recommended dismissal of his Due Process claim. Plaintiff, however, fails to show a deprivation of any protected liberty interest. Accordingly, Plaintiff's second objection will be overruled.

In his third objection, Plaintiff insists that he has stated an equal protection claim because inmates in the other segregation units of VBCC are not shackled while showering. In his complaint, however, Plaintiff based his equal protection claim upon a lack of adequate investigation—not because he had received treatment different from inmates in other segregation units. In any event, Plaintiff fails to allege sufficient facts to plausibly suggest that all segregation units at VBCC are similarly situated with respect to security concerns and the need for restraints. Accordingly, Plaintiff's third objection will be overruled.

## IV. CONCLUSION

For the foregoing reasons, the Report and Recommendation will be accepted and adopted. Plaintiff's claims will be dismissed and the action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: April 24 2012
Richmond, Virginia